UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CRIMINAL NO. 11-10195-RWZ


UNITED STATES OF AMERICA

v.

SANUSIE MO KABBA


<u>ORDER</u>
September 20, 2011

ZOBEL, D.J.

Defendant, Sanusie Mo Kabba, has moved to revoke the detention order entered by the Magistrate Judge, and for pretrial release. He has proposed conditions of release that include strict home detention in his father's house, third-party custodianship by his father, electronic monitoring, surrender of his passport, a personal recognizance bond in the amount of $500,000 with security in the form of deeds to real estate owned by family members and, finally, an independent contractor to monitor compliance by defendant with these conditions. Defendant is charged with conspiracy to distribute marijuana, oxycodone and cocaine in violation of 21 U.S.C. §846, Count One; and conspiracy to collect debt by extortionate means in violation of 18 U.S.C. §894(a), Count Two.

The parties agree that this court decides the issue de novo, but that the evidence before the magistrate judge is appropriate for consideration by this court together with any additional evidence presented here. The magistrate judge, in her

detention order, cited the size of the charged drug conspiracy which was based in Canada and which yielded more than $2 million in seizure. The evidence before her also included numerous wiretaps on several telephones and the results of surveillance. She noted, in particular, a number of conversations between defendant and Safwan Madarati, the alleged head of the American organization, which related to defendant's delivery of cocaine and percocets to Madarati on September 23, and in December 2010. In October 2010 defendant's conversations with Madarati led to the discovery of 5,000 percocet pills and $15,000 in cash in defendant's car, driven at the time by his brother.

With respect to the charge of extortion, the conversations between defendant and Madarati disclosed a plan to frame a person who was thought to have stolen between $80,000 and $100,000 from Madarati by planting cocaine in his house. Later conversations indicate that Madarati in fact paid defendant to hire one or more people to carry out the scheme which was, however, aborted by the arrest of the cocaine planters and the seizure of the cocaine. Defendant duly reported to Madarati the failure of the plan and the loss of the cocaine.

Defendant, 26 years old, lives with his father, step-mother and brother in Stoughton, MA. He has a college degree in business management. Since 2007 he has owned and operated a Quick Mart store in Roxbury. On October 23, 2010, two unidentified persons, armed with a hand gun and an AK-47 assault rifle, came into the store, killed an innocent bystander and wounded defendant. Whether there existed a relationship between that incident and defendant's alleged drug dealing remains

2

unknown.  Since the shooting and until his detention defendant has used illegal

percocets daily and he daily smokes marijuana.

Defendant's criminal record, all in the state court, includes a number of arrests

but only three convictions, two for distribution of Class D and one for a firearms ID card

violation.  All three resulted in suspended sentences and probation.  Defendant

violated each of the probationary sentences and warrants remain outstanding as to

each.  As charged, the offenses in this case were committed while defendant was on

probation from the state court.

This court heard additional testimony from Michael Krol, a Special Agent with the

Department of Homeland Security and the co-case agent in this investigation.  He

acknowledged that Mr. Kabba was only briefly mentioned in his affidavit in support of

the complaint and that he was described as a "relatively minor player" in the drug

business.  He did, however, reaffirm defendant's role in the attempts to collect a debt

apparently owed Madarati.

First, I accept and incorporate herein the magistrate judge's excellent exposition

of the law governing detention which again translates into the question whether any

condition or combination of conditions, other than detention, will reasonably assure the

safety of the community and defendant's appearance in court.  At the detention hearing

defendant proposed conditions very different from those he proposes now and the

magistrate judge found them wanting for good reason.  Although defendant's repeated

and flagrant violations of the state court's orders are troubling, I find that the conditions

of release proposed to this court are sufficient to minimize, perhaps eliminate, any

danger of further criminal conduct and thereby will reasonably assure the safety of the community and defendant's appearance.[1]

Accordingly, it is ordered that defendant Kabba be released on the following conditions:

1. The defendant shall sign a $500,000 bond to secure his appearance in court when required and to secure compliance with the terms of this release order. The bond shall be fully secured by deeds to real estate with equity totaling at least $500,000, which deeds shall be executed by family members and placed into escrow in accordance with the customary practice of this court.

2. Defendant shall execute a third-party custodianship agreement with his father, Senesie Kabba, by which the defendant agrees to abide by all conditions of the release order and Senesie Kabba agrees to monitor the defendant's compliance and notify Pretrial Services immediately if the defendant violates any condition of release.

3. The defendant shall live only at his father's house at 51 Knob Hill Circle, Stoughton, MA 02072, and at no other location.

4. The defendant shall be subject to electronic monitoring at the residence and may not leave the residence except (a) for the purpose of attending a previously scheduled appearance in a court; (b) for the purpose of meeting with his counsel in this case upon prior approval by Pretrial Services; (c) for the purpose of reporting to

---

[1]Since the magistrate judge entered detention orders with respect to several co-defendants, she has recently reconsidered her order with respect to Karapet Dzhanikyan, leaving in custody only Mr. Kabba and two defendants who consented to detention.

Pretrial Services when directed to do so; and (d) for medical appointments, but only upon prior approval by Pretrial Services, and for the purpose of seeking emergency medical care, in which event he shall forthwith notify Pretrial Services. His travel is further restricted to the Commonwealth of Massachusetts.

5. The residence shall have available a landline telephone. All features on that telephone which are incompatible with electronic monitoring shall be removed prior to defendant's release.

6. The defendant shall not possess, have available to him, or use any cell phones.

7. The defendant shall surrender his passport and not apply for a passport or any type of travel documents while on release.

8. The defendant shall not possess any firearms, destructive devices or dangerous weapons while on release and there shall be no such firearms, destructive devices or dangerous weapons at the residence.

9. The defendant shall not use alcohol to excess and shall not use or possess any narcotic controlled substance except by prescription from a licensed medical practitioner.

10. The defendant shall submit to a drug test on the day of his release and at any other time specified by Pretrial Services.

11. The defendant shall notify Pretrial Services within twenty-four hours if he is arrested or has any contact with any law enforcement officials.

12. The defendant shall not violate any federal, state or local law while on

release.

13. The defendant shall have no contact, either directly or indirectly, with any of the co-defendants in this case except through his attorney.

Counsel for the defendant shall notify the Clerk when the defendant and his father are prepared to meet these conditions of release. Upon notification the court will schedule a release hearing.

    September 20, 2011                        /s/Rya W. Zobel
         DATE                             RYA W. ZOBEL
                                  UNITED STATES DISTRICT JUDGE