UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
11-10195-RWZ

UNITED STATES OF AMERICA

v.

RONALD J. MARTINEZ

# MEMORANDUM OF DECISION AND ORDER
# ON DEFENDANT'S MOTION FOR BILL OF PARTICULARS

March 15, 2012

DEIN, M.J.

## I. INTRODUCTION

The defendant is charged in an indictment with conspiracy to collect a debt by extortionate means in violation of 18 U.S.C. § 894(a). The matter is presently before the court on the defendant's Motion for Bill of Particulars in which he requests the following information (1) the specific overt acts committed by the defendant in furtherance of the alleged conspiracy not specified in the Indictment; (2) the dates and places of said overt acts; (3) the names and dates of birth of unindicted co-conspirators the government intends to identify; and (4) when, where and in what manner the defendant is alleged to have become a member of the conspiracy. (Docket No. 160). Because the defendant has been provided with sufficient information, the motion is DENIED.

## II. DISCUSSION

"The purpose of a bill of particulars is to provide the accused with detail of the charges against him where necessary to enable him to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy." United States v. Paiva, 892 F.2d 148, 154 (1st Cir. 1989), and cases cited. "[I]ndictments need not be infinitely specific." United States v. Sepulveda, 15 F.3d 1161, 1192 (1st Cir. 1993). Rather, "an indictment is sufficiently particular if it elucidates the elements of the crime, enlightens a defendant as to the nature of the charge against which she must defend, and enables her to plead double jeopardy in bar of future prosecutions for the same offense." Id. Thus, motions for bills of particulars "need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." Id. at 1192-93, and cases cited. "[A]rbitrary rules as to the necessity . . . of a given averment have no place in the analysis, as the question is whether the indictment as a whole conveys sufficient information to properly identify the allegedly unlawful conduct." United States v. Hallock, 941 F.2d 36, 40 (1st Cir. 1991) (internal citation and quotation omitted) (ellipsis in original). Moreover, bills of particulars are unnecessary when the information sought is available from other sources. See, e.g., United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987) (noting that generally bills of particulars are inappropriate when the information sought is available "in the indictment or some acceptable alternate form"), and cases cited.

In the instant case, the defendant was first charged with conspiracy to collect a debt by extortionate means in a criminal complaint, which was supported by an 81 page affidavit. After the defendant was indicted on the same charge, the defendant made three specific discovery requests to the government to which the government has responded. In addition, the defendant has been provided with the names of the unindicted co-conspirators. As described by the government in its opposition to the motion for a bill of particulars:

> Defendant RONALD MARTINEZ's role in the conspiracy was to commit [two] acts of extortion. The first act of extortion took place on March 17, 2011, when SANUSIE MO KABBA, on the behalf of HAGOP SARKISSIAN and SAFWAN MADARATI, hired Defendant RONALD MARTINEZ to threaten the owner of the Cristofori's Jewelry store in Newton, Massachusetts to collect a drug debt. During the incident, MARTINEZ was captured on video tape entering the store in an attempt to find the owner after which another young man, in concert with MARTINEZ, fired multiple bullets into the front glass door of the business.
>
> The second act of extortion took place when MARTINEZ and others attempted to break and enter 14 Carlton Terrace in Watertown, Massachusetts, the residence of VICTOR LOUKAS. Based on intercepted phone calls, MARTINEZ was there in furtherance of a plot to either plant drugs in the house of physically harm LOUKAS because LOUKAS had stolen approximately $60,000 in drug money from MADARATI.

(Docket No. 175 at 1-2). Given the indictment, the criminal complaint affidavit and all the discovery that has been produced in this case, Martinez is not lacking "a fair opportunity to prepare a defense absent a bill of particulars." United States v. Nelson-Rodriguez, 319 F. 3d 12, 31 (1st Cir. 2003).

### III. CONCLUSION

For these reasons, the defendant's Motion for a Bill of Particulars (Docket No. 160) is DENIED.

                                                / s / Judith Gail Dein

                                                Judith Gail Dein
                                                United States Magistrate Judge